(No. 14010.—Rule discharged.)

THE PEOPLE ex rel. Edward Manning, Relator, vs. ELMER J. MOHAN, Respondent.

*Opinion filed February 21, 1923.*

DISBARMENT—*mere dispute over fee is not ground for disbarment.* Where an attorney agrees to settle up certain debts and judgments for his client and accepts $400 for the purpose, the retention of $165 as a fee is not ground for disbarment, where it is proved that other services were rendered and that the fee retained was not excessive for the services performed, although there is evidence, which is disputed, that the attorney agreed to do the work for $65.

INFORMATION to disbar.

GEORGE E. GLASS, for relator.

L. O. BROWNE, for respondent.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Leave having been granted, an information was filed in this court requiring the respondent, Elmer J. Mohan, to show cause why his name should not be stricken from the roll of attorneys of the court. Issues of fact were made by his answer, which were referred to a commissioner, who took the evidence and reported the same with his conclusion that the relator had failed to prove the charges set forth in the information, and he recommended that the rule be discharged.

The relator, Edward Manning, had very little financial means. He was married and had no children. His wife owned a house and lot in the city of Streator worth about $2800, which was the homestead and was subject to small mortgages to the Home Building and Loan Association of Streator. The law firm of Butters & Clark, of Ottawa,

were attorneys for the relator, having tried a suit for him
and given him counsel in his affairs.   In pursuance of a
consultation with the relator, Roger H. Clark, one of the
firm, on January 11, 1917, procured relator's wife to sign
and acknowledge a deed to the relator of the Streator prop-
erty at the hospital where she was a patient.   He advised
her to retain the deed until her death should be imminent,
and when that event should be expected by her to deliver
the deed to her husband.   She retained the deed in accord-
ance with the advice given her, but delivered it not long
before her death, on February 17, 1920.   There were some
judgments against the relator and he desired to secure a
loan of $1000 from the building and loan association.   The
respondent, Elmer J. Mohan, was an attorney in the office
of Butters & Clark, and when the loan was secured he was
employed by the relator to obtain releases of the judgments
which would be liens on the property.   The loan of $1000
was obtained, and the amount of the mortgages on the
premises, amounting to about $400, was retained by the
loan association, and the balance, about $600, was paid to
the relator.   The respondent compromised or settled the
judgments and rendered an account to the relator, consist-
ing of these items:   Union National Bank of Streator $86,
D. J. Spensor costs $6.25, J. F. Condren $25, J. F. Buch-
ner $3.80, G. M. Reynolds $24.85, amounting to $145.90.
He made a charge of $165 attorney's fees and enclosed his
check for $89.10 to balance the account.   The charge in
the information was that the conduct of the respondent was
unprofessional, contrary to his agreement made when he
received the $400, and such as to show that he was not
a proper person to hold the license of this court to prac-
tice law.

The relator testified that he was first introduced to the
respondent on March 1, 1920, at the office of Butters &
Clark, who recommended the respondent to attend to his

business; that he gave to the respondent the deed from his wife to be filed for record, and it was filed the same day; that he next saw the respondent on March 22, 1920, at the office of the Home Building and Loan Association in Streator; that the amount due to the association for mortgages on the property was deducted and the balance paid to the relator by check; that the respondent went with him to the bank on which the check was drawn and applied to the relator to give him a list of his debts, saying that he would pay the same for him at a great saving; that the respondent falsely represented that the judgments might be lawfully run up to a large sum, and the money would be safe in his hands, and whatever portion was not used for payment of the judgments would be returned to the relator; that it would not cost the relator for his services more that $65; that he gave $400 to the respondent under that representation and agreement, and that contrary to his agreement the respondent retained $165 for rendering that service.

The defense was that the respondent rendered other services as attorney for the relator besides those stated in the information and testified to by the relator, and that the money retained was a fair and reasonable charge for the entire services. A. E. Butters, Roger H. Clark and the respondent testified that the respondent was introduced to the relator in the office of Butters & Clark, in Ottawa; that bankruptcy proceedings in behalf of the relator had been talked of, and Butters & Clark recommended the respondent for employment by relator for his business, and said that whatever advice or service the firm of Butters & Clark had or would render would be for the benefit of the respondent; that the respondent thereupon took over the business of the relator as his attorney; that the respondent prepared a petition and schedules for the contemplated proceedings in bankruptcy which had been talked about at different times and which the relator understood, and that the relator was

informed that the probable cost would be $65, besides about $100 attorney's fees. The respondent testified that he obtained blank forms and prepared a petition and schedules in bankruptcy, but after the relator's wife died he told relator that he was not a bankrupt and could go no further with the proceedings but he could administer upon her estate, and that he prepared a petition for letters of administration and was preparing to probate her estate when the deed was brought to him. He denied that he made representations testified to by the relator, and said that he made trips to Streator, where he examined justices' dockets, spending time going through the dockets, compromised the judgment in favor of the Union National Bank, which had been entered on May 31, 1917, for $114.66 and costs, amounting, with interest, to about $135, for $86, and settled the other judgments. A number of attorneys practicing in LaSalle county testified that the fee of $165 was not more than a reasonable charge for the services performed. A. E. Butters and Roger H. Clark, who had personal knowledge of the service rendered, testified that $165 would be a fair and reasonable fee. Other witnesses testifying in reply to questions on the hypothesis of fact claimed by the respondent, testified to the usual, customary and reasonable fee for like services of attorneys in LaSalle county. Thurlow E. Essington stated that such fee would be from $200 to $250, plus actual expenses. E. M. Griggs said that such charge would be at least $200. Robert E. Larkin fixed the usual and customary fee at $250, and George F. Belford said the fair, usual and customary fee would be $250.

The evidence for the respondent showed that while no bankruptcy proceeding was instituted nor any attempt was made to administer the estate of relator's deceased wife, the respondent made preparation for the same, and the money retained was not alone for services in relation to the judgments. The evidence for respondent was that the amount retained was no more than the usual and customary fee in

LaSalle county for the services rendered, and justified the conclusion of the commissioner that the charge contained in the information was not proved.

The rule is discharged.                    *Rule discharged.*

---

(No. 15098.—Judgment affirmed.)
THE PEOPLE *ex rel.* Homer M. Browne, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 21, 1923.*